EDWARD L. WELLS and SAMUEL SAPPINGTON, defendants below, plaintiffs in error, *v.* PHILIP C. JONES, Administrator of BENJAMIN P. SHREVE, deceased, endorsee &c., plaintiff below, defendant in error.

In an action on a promissory note commenced by foreign attachment more than six years after the cause of action accrues, a replication to the plea of the statute of limitations, that at the time when the cause of action accrued, the defendants were out of the State, and then resided and had ever since resided out of it, will not be sufficient without the allegation that they had since continued out of it until the commencement of the action, or until within six years prior to the commencement of it, so that they could not in the meanwhile be served with process; and will be defective on general demurrer.

It is immaterial in such a case where a defendant resides; for if he is out of the State when the cause of action accrues against him, the statute of limitations does not begin to run against the action, so long as he continues out of it, nor until he has come into it, in such manner that with reasonable diligence he may be served with process; the right of action in such case, is saved to the plaintiff during such continuance of the defendant out of it, and the action may be commenced at any time after his first coming into it thereafter, in such manner that by reasonable diligence he may be served with process, within the period originally limited and first provided for that purpose in the statute; which in the case of a promissory note, is six years. And such is the construction and operation of the statute even when the note is made out of the State and is payable out of the State, and notwithstanding both the plaintiff and

42

the defendant then resided and still reside out of it. There is no saving, however, in the statute by reason of the plaintiff's being out of the State when the cause of action accrues.

But if the defendant is in the State when the cause of action accrues and afterward departs from and resides out of it, although the statute in such case has commenced running against the action, it is thereby arrested and suspended in its operation during his absence from the State and residence out of it, and until his first return thereafter into it, in such manner as by reasonable diligence he may be served with process; and in that case, the time of such absence from the State and residence out of it, is only to be deducted from the period first limited and provided for the commencement of the action, to be computed from the date of the accruing of the cause of it.

Although a suit commenced by foreign attachment upon a cause of action which accrued when the defendants were out of the State and before they had come into it, does not fall within the literal terms of the saving contained in the fourteenth section of the statute, still as it has been uniformly held in the construction of such statutes, that if the defendant is out the State at the accruing of the cause of action, the statute does not begin to run against the action so long as he continues out of it, such a suit must be considered to be within the meaning and object of the exception, and to be saved by it, and to be taken out of the primary operation and limitation of the statute, if he afterward appears in court within the time limited by law for that purpose, and gives bail to the action and the attachment is thereupon dissolved by it.

THIS case was twice argued in the Court of Errors and Appeals, the first time at the June Term, 1860, and again at this term by order of the court, before HARRINGTON, CHANCELLOR and WOOTTEN and HOUSTON Justices.

The case came up on a writ of error to the Superior Court for Sussex County, and was commenced in the court below by a writ of foreign attachment issued at the suit of Jones, the administrator of Shreve, who was the endorsee of W. and J. Sooy, against Wells and Sappington, lately trading as E. L. Wells & Co., on the 24th of December, 1857, on a cause of action consisting of five promissory notes made by the firm of E. L. Wells & Co., payable to the order of W. & J. Sooy, at the Mechanics' Bank in the city of Philadelphia, and by them endorsed to Shreve, the decedent, the first of which bore date June 26th, and the last September 5th, 1851, and all of which had matured and become payable more than six

years before the suit was commenced by the issuing of
the foreign attachment. The aggregate amount of the
notes was $2,583 50, and at the making and the endorse-
ment and maturity of them, all of the parties were out
of the State and resided in New Jersey, and none of whom
had since resided in this State. Before judgment of con-
demnation was obtained on the foreign attachment, the
defendants, Wells and Sappington, gave special bail in the
court below and dissolved it, and thereupon the suit pro-
ceeded by the filing of a declaration in assumpsit on the
promissory notes by the plaintiff, the administrator of
Shreve, the endorsee, to which the defendants pleaded
the statute of limitations; that is to say, that the causes
of action did not accrue to the plaintiff at any time within
six years before the commencement of the suit. To this
plea the plaintiff replied specially, "that at the time when
the said causes of action accrued against the said de-
fendants, they were out of the State of Delaware, and at
the accruing of the said causes of action, both of them
resided out of the State of Delaware, and from thence
until the present time have each resided and both of them
do reside out of said State and without the jurisdiction
of said court." To this replication the defendants en-
tered a general demurrer, which the court below over-
ruled and gave judgment thereon for the plaintiff.

*E. D. Cullen*, for the plaintiffs in error: The court be-
low erred in overruling the demurrer to the replication
and giving judgment for the plaintiff, and the question
now presented by the record is, was this a sufficient re-
plication to the plea to bring the case within the saving
of the statute? The act provides that no action on a
promissory note shall be commenced after six years from
the accruing of such cause of action, but in a subsequent
section it is provided that if at the time when a cause of
action accrues against any person, he shall be out of the
State, the action may be commenced within the time
therein limited therefor, after such person shall come into

the State in such manner that he may by reasonable diligence be served with process.    In this case there are two rules, one of construction and the other of pleading which must determine it.    In the first place the court must so construe the statute as to advance the remedy and suppress the mischief designed to be prevented by it; and in the second place, a plaintiff who would avail himself in pleading of any saving, or exception in a statute, as in the statute of limitations, must not traverse or take issue on the plea of the act, but reply the saving or exception and bring his case specially within all of its provisions with precision and particularity.    Under the provisions of the statute in question, if the defendant is out of the State at the time when the cause of action accrues, the plaintiff's right to sue, or to commence his action, is saved so long as he continues out of it, and in the case of a promissory note, until six years after he shall have come into the State, in such a manner that with reasonable diligence he may be served with process; but from the first time the defendant comes into the State, so that with reasonable diligence he can be served with process, the bar of the statute begins to run against him.    And this being the meaning of the act, it was not sufficient to take the case out of the operation of it, and to bring it within the saving or exception mentioned, for the plaintiff to allege simply in his replication, that the defendants were out of the State at the accruing of the cause of action, and then resided out of it and thence hitherto have resided and still reside out of it; but omitting the matter of their residence, which was wholly immaterial in this connection, he should have further alleged in his replication, that the defendants had since come into the State, and that this action was commenced within the time limited by the saving in such cases.    This he was bound to allege in his special replication to the plea of the statute, in order to bring his case within, not only the terms, but the true meaning and intention of the saving on which he relied to take the case out of the operation of the

statute; and without such an allegation, the replication was insufficient on general demurrer, for all the forms and all the precedents were to this effect. *Ang. on Limita.* 318, 1 *Ch. Prec.* 345. 3 *Ch. Pl.* 1162. 2 *Har. Entries* 156. 7 *Mass.* 515. 13 *East* 439. 3 *Mass.* 270. 10 *Johns.* 463. 16 *Pick.* 359. 11 *Pick.* 35.   I have said that so much of the replication as affirms, or relates to the residence of the defendants out of the State, is wholly immaterial; and it was clearly so, because the provision of the statute referred to and applicable in such a case as this, says nothing about, and has no relation whatever to, the residence, or domicile of the defendant.   It is the fact of his being out of the State, and not of his residing out of it, that saves the right of the plaintiff to commence his action against him, until so many years after he has come into it, so that with reasonable diligence he may be served with process.   And although it may be strictly true in this case, that the defendants have always resided in the adjoining States of New Jersey, or Pennsylvania, yet for all that, it does not appear, nor is it to be assumed or inferred in support of this replication, that they have not been in this State repeatedly in the meanwhile, with frequent and ample opportunities for the plaintiff to serve process upon them.

But if it should be insisted on the other side, that the defendants are still actually out of the State and have been since the cause of action accrued, until they appeared in the court below and by giving special bail dissolved the foreign attachment which had been previously sued out against them, and that such is the import of the replication and the inference to be drawn from the record in favor of it, owing to the fact that the suit was commenced by foreign attachment whilst they were still out of the State, then he should contend that the case does not fall within the saving of the statute and was not intended to be embraced within it, and is therefore barred; because it is neither within the terms, nor the policy of the statute, since there is no reason for holding that the

saving should apply to a case commenced by foreign attachment, which it was competent for a plaintiff to sue out at any time against a non-resident, without waiting for him to come into the State, and which remedy is never barred or delayed by the absence of the defendant from the State, however protracted it may be. The reason of the saving so long as the defendant continues out of the State, as the qualification of it shows, is because he cannot be served with the process of our courts; but when you have a remedy or process for the commencement of the suit, without the necessity of any personal service whatever, on the defendant, and which is specially provided by statute for the case of a non-resident, and which equally applies to him whether he is in or out of the State, and which rarely fails of its primary object, which is to constrain his appearance in our courts, when he has any property or effects here, there is no necessity and no reason for any exception, qualification, or limitation in the statute to save the right to commence the action by such a process at any time; and therefore it could not have been the intention of the Legislature to include a case so commenced, within the saving of the statute on which the plaintiff relies.

*Robinson*, for the defendant in error, would assent to the position assumed on the other side, that our statute of limitations did not apply to a foreign attachment, but for reasons entirely different from those which had been stated; because the sole reason of it is that the statute does not begin to run against the claim of the plaintiff, if the defendant is out of the State at the accruing of the cause of action, so long as he continues out of it, nor until he afterward comes into the State in such a manner that with reasonable diligence he may be served with process. Of course, this provision could have no reference to a foreign attachment, or to the process issued in this case against the defendants, who were not only out of the State at the accruing of the cause of action, but were

still out of it when the writ was issued and returned, and till several months afterward, when they appeared in the court below and dissolved the attachment by giving special bail.   He agreed with the counsel on the other side, that such a case was not contemplated, or provided for in the statute, which could relate only to cases commenced by summons, or capias; but as it was a well established rule of construction both in this country and in England, and wherever they have statutes of limitations similar to our own, that the bar of the statute does not begin to run so long as the party continues out of the State, or beyond the seas, of course, there is no reason for saying that the action is barred, if the defendants were out of the State at the accruing of the cause of it, and continued out, until after the action, as in this case, was commenced against them.   The action of the plaintiff therefore in this case, is not and never was barred, and was never within the operation of the statute, because the defendants were out of the State at the accruing of the cause of action, and were still out of it when the suit was commenced. 2 *Saund.* 120. *Bulger v. Roche.* 11 *Pick.* 36. *White v. Bailey,* 3 *Mass.* 270.   And not only does the statute not begin to run until the party comes into the State, but it is incumbent on him who would take advantage of this fact, to show it. 3 *Wils.* 145. *Dwight v. Clark,* 7 *Mass.* 515. By a return within the government is meant such a return as will afford the other party a reasonable opportunity to serve him with process. *Byrne v. Crowningshield,* 1 *Pick.* 262. *Hall v. Little,* 14 *Mass.* 203. *Williams v. Jones,* 13 *East* 439.   The statute has never been so construed as to preclude a party plaintiff laboring under any of the disabilities provided for in it, from suing during the continuance of the disability, and the invariable construction of the saving has been that where it is incumbent upon the plaintiff to show that he labored under any disability, he must show that it was a continuing disability from the first, and when the statute once begins to run, no subsequent disability will impede it. *Ang. on Lim. secs.* 195, 196.

*Ruggles v. Keeler*, 3 *Johns*, 264. *Benjamin v. De Groot*, 1 *Denio* 153. *Little v. Blunt*, 16 *Pick*. 359. *Heisenger v. Baltzell*, 3 *Gill and Johns*. 158. *Randall v. Wilkins*, 4 *Denio* 577. These cases all clearly establish the principle that the statute does not begin to run so long as the party continues out of the State; and the rule stated by *Angel* is that the plaintiff may bring his action at any time during the continuance of the disability. We therefore maintain that the replication is sufficient, and that the statute is no bar to the action.

*C. S. Layton*, on the same side : The limitation of actions is not a common law defence, and the statute applies only to the actions named in it and which are limited by it, and it is no less true that the defendant who pleads the statute, must show that the suit is barred by it, than it is, that the party who seeks to avail himself of a saving in the statute, must bring his case within the exception. *Kirkman v. Hamilton*, 6 *Pet*. 20. But a foreign attachment is not an action within the meaning and contemplation of our act of limitations, and therefore it is not limited or barred by it. Attachment is unknown to the common law, and exists here by statute only, established in analogy to the custom of London, whilst the only actions embraced and referred to in our statute of limitations, are such as exist at common law. It is therefore an action not subject to the plea of the statute. In this case the parties, plaintiff and defendants, were all foreigners, or non-residents, and the latter were yet out of the State when the suit was commenced and are still out of it. How then could we have replied to the plea of the statute as it is insisted we should have done, when the saving referred to, evidently contemplates cases only where the suit is commenced by summons, or capias, and the process is served on the defendant in the State ? It was therefore sufficient for us in this case to reply as we have done, that at the time of the accruing of the cause of action, the defendants were out of the State and have

continued ever since to reside out of it.   But as to the
meaning of the term " come into the State, " and on
which of the parties it was incumbent to allege it, we say
after such a replication as this, that if such was the fact,
that is to say, if it be true, that at any time after the ac-
cruing of the cause of action, the defendants came into
the State, so that with reasonable diligence they could
have been served with process, it was competent for them
to have averred that fact by way of rejoinder to the
replication of the plaintiff; and it was their duty to have
done so, instead of demurring to it, because it was more
incumbent upon them, if such was the case, to rejoin the
fact by a positive or affirmative averment, than it was
upon the plaintiff to deny it in advance in his replication
by a negative allegation. *Bond et al. v. Jay*, 2 *Cond. Rep.*
525. *S. C.* 7 *Cranch*, 350.  Being out of the State and
residing out of it, signify and import the same thing
within the purview and contemplation of the fourteenth
section of our act of limitations ; and it being alleged in
the replication that the defendants were out of the State
at the accruing of the cause of action, and that they then
and ever since have resided out of it, all of which is ad-
mitted by the demurrer, and it being no where alleged in
the pleadings on either side, that they have at any time
been within the limits of the State previous to the com-
mencement of the action, it is to be presumed and in-
tended, and consequently the court will infer that they
have not been in the State in the meanwhile, and hold
the replication to be sufficient on the demurrer, in the
entire absence of any allegation to the contrary, as should
have been made by way of rejoinder on the other side,
if the fact was otherwise, as he had before stated.   And
for the same reason and consideration, all that is alleged
in the replication, subsequent to the averment that the
defendants were out of the State at the accruing of the
cause of action, as to their residence at that time and
afterward, may be regarded and discarded as mere sur-

43

plusage, without affecting the sufficiency of the replication on the demurrer.

*D. M. Bates*, on the same side : Although, as a general thing, after six years have elapsed from the accruing of the cause of action on a promissory note, the action is *prima facie* barred under the provisions of our statute of limitation, yet such is not the case, if it appears that the defendant was at that time out of the State.   For in such a case, the statute does not begin to run so long as the party continues out of the State, and there is no bar, and there can be no bar to the action against him, until he shall have come into it, in such a manner that with due diligence he can be served with process in the action; from which time, and in such case, the statute begins to run, and not before.   He should therefore contend that it being alleged in the replication and being admitted by the demurrer, and such appearing to be the fact, that the defendants below in this case, were out of the State at the time the cause of action accrued against them, the statute had never even begun to run against the claim of the plaintiff when this suit was commenced, and the plea was therefore no defence to the action, and the replication of this fact alone, was a sufficient answer to it, and to show that the statute had never operated against it. The counsel on the other side, has argued the case as if the saving in the statute was a personal privilege within which the plaintiff must strictly bring himself, otherwise he is barred.   But this is not so; and to show that it is not, I will refer to a class of cases which have arisen under the English statute, and which will serve to illustrate my idea in this respect, although they have arisen under a provision of that statute which is not contained in ours.   Under the English statute, the right to sue is saved so long as either party, plaintiff, or defendant, is beyond the seas, if the cause of action accrues whilst either is so abroad, and the statute does not begin to run until the absent party, or if both be absent, until both

parties, have come into the country. Our statute contains no such exception in case of the absence of the plaintiff, but so far as the absence of the defendant at the time of the accruing of the cause of action is concerned, the provisions of the two statutes are substantially the same. There, if the plaintiff is beyond the seas at the accruing of the cause of action, the statute provides in terms very similar to those employed in ours with reference to defendants, that the action may be commenced within the time limited therefor, after his coming into the kingdom: and yet it has been repeatedly held and decided, and that too, on demurrer joined, that the plaintiff may commence and prosecute his action to a final recovery whilst he is yet abroad, because the statute does not begin to operate in such a case, so long as he is out of the country, although it clearly does not come within the literal, nor within the apparent meaning of the saving contained in the statute. 3 *Wils.* 145. 2 *Saund.* 120. 48 *Eng. C. L. Rep.* 836. 31 *Ibd.* 228. Now, in the present case it is equally evident, as the defendants were out of the State at the accruing of the cause of action against them, but were liable to be proceeded against at the suit of the plaintiff in this particular method, by a writ of foreign attachment, whilst they were yet out of the State, the principle ruled and established in the cases just cited applies in this case, because being out of the State when the cause of action accrued, the statute did not begin to run in their favor, until they had come into it so that they could be served with process, which was not until after the action had been instituted. I therefore contend that the allegation contained in the replication that the defendants were out of the State at the accruing of the cause of action, taken in connection with the fact that the suit was commenced by foreign attachment, of which the court will judicially take notice, for it appears by the record, and the whole record is before them, was alone sufficient without any further averment, to entitle the plaintiff to judgment on the general demurrer. Forms I am aware, and the

authority of elementary writers have been cited to the contrary; but no adjudication of the question having the weight and sanction of a judicial decision, has been produced on the other side to show the insufficiency in substance in such a case, of such a replication.

And why should the replication not be sufficient in substance at least? And if the defendants have been in the State in the meanwhile so that they could with reasonable diligence have been served with process, why should they not be required to rejoin it, instead of taking issue by a demurrer to the replication? Since, if such has been the case, it must be a fact more peculiarly within their own knowledge, than in the knowledge of the plaintiff, and it is an elementary principle of pleading, that no party need allege what would more properly come from the other side, and this is invariably the case, when the fact is more particularly within the knowledge of the adverse party? 3 *Cow.* 117. But it is insisted on the other side, that the replication is uncertain and deficient in that degree of precision and particularity which the rules of pleading require in a special replication to a plea in bar of this nature. The degree of certainty required in declarations, replications and indictments, is said to be to a certain intent in general, and means what upon a fair and reasonable construction may be called certain, without recurring to possible facts which do not appear. 1 *Ch. Pl.* 237. Applying this rule to this replication and also the other rule before stated, is there any defect in it on this score, and if any other fact was necessary to be stated in it, than the allegation merely that the defendants were out of the State at the accruing of the cause of action, is it not a fair and legitimate inference which the court is bound to draw from the following averments contained in it, " that they then resided and had ever since resided out of the State," that they had been in fact, continuously out of it from that time up to the commencement of the action, without requiring the plaintiff further to reply by expressly negativing the possible fact that they might in

the meantime have come into the State in such a manner
that with proper diligence they might have been served
with process ?   Against such a construction and the ne-
cessity, or propriety of such an allegation, there is another
rule of pleading based on the nature of it; for it would
be a negative allegation proceeding from the plaintiff, and
no one is bound in law to prove a negative ; whilst if left
to the defendants to rejoin the fact, that they had been in
the State in the meantime &c., in case such was the fact,
(and that they must know better than the plaintiff, or any
other person,) it would assume the character of an affirm-
ative allegation on their part, easily susceptible of proof,
and which on a trial, they, and not the plaintiff, would
be bound to prove.

*E. D. Cullen,* in reply : This case has been argued by
the two first counsel on the other side, as if a suit com-
menced by foreign attachment was a peculiar form of
action, not embraced in the statute and therefore could
not be barred by any lapse of time.   But this is a mis-
apprehension.   Attachment is a proceeding *in rem,* and
the judgment in it, is a judgment of condemnation against
the property attached, and not *in personam,* or against the
person of the defendant in the writ.   Its primary object
is to constrain the appearance of a party beyond the
jurisdiction of the court, or a non-resident, but when
special bail is entered, which can only be done by the ap-
pearance of the defendant, either personally, or by another
and giving bail, the attachment is dissolved, the property
and the garnishees are discharged and the case then pro-
ceeds in court in the same manner as if the suit had been
instituted by any other writ or process served upon the
defendant within its jurisdiction.   It is therefore not an
action, but simply a writ for the inception of an action,
when bail is given, but if not, the plaintiff obtains judg-
ment on the writ without the appearance of the defendant,
and without any action.   But when the defendant appears
and gives bail, the attachment being dissolved, it is *functus*

*officio* and at an end, and the action then commences by a declaration, which in the present case is in assumpsit, in the usual form, on several promissory notes, to which the defendants have pleaded among other pleas, the act of limitation, and to which the plaintiff has pretended to reply a certain saving or exception contained in that statute. What reason or pretext then can there be for saying that this is not an action contemplated by and embraced within the statute? But if it is sufficient to allege in the replication that the defendants were out of the State at the accruing of the cause of action, and have resided out of it from thence hitherto until the present time, without alleging that they continued out of the State until they appeared, gave bail and dissolved the attachment, or until after this suit was commenced, then the replication would have been sufficient, notwithstanding the defendants might have been in the State every day in the meanwhile with abundant opportunities to serve them with process; and the consequence would be, as they seem to contend on the other side, that an action of assumpsit, though expressly named in the statute, when incepted as this was, by a writ of foreign attachment, upon a cause of action which accrued whilst the defendants were out of the State, would never be barred, no matter how often the defendant might have been in it in the meantime, nor how long he might have remained in it each time he came into it. Is such the meaning of our statute of limitations, and is such the special favor and indulgence which the framers of it intended to extend to claims put in suit by foreign attachment, when the plaintiff is at no time under the necessity of waiting for the defendant to come into the State in order to commence his action against him by such process? If such is not the meaning of the statute, but on the contrary, a suit thus instituted, like an action of assumpsit commenced by summons, or capias served upon the defendant, is barred if not begun within the time limited therefor after his first coming into the State after the accruing of the cause

of action, then the plaintiff cannot bring his case within the true meaning and intention of the saving or exception relied upon, to say nothing of the express wording and terms of it, by specially replying it, without at the same time negativing in some form or other, the fact of the defendant's having come into the State in the meantime, so as to be served with a different kind of process. For *non constat*, although he was out of the State at the accruing of the cause of action, that he has any right to sue him, for nevertheless the plaintiff may still be barred, if the defendant has been in it in the meantime, so as to be served with process, from which time the statute begins to run against him, and which may have been, even in this case, more than six years before the commencement of the action. And it is because of this fact, that the plaintiff is required in his replication to negative such coming into the State in the meanwhile, by the defendant, to bring his case within the saving of the statute.

As for the inference or intendment which it is contended on the other side, the court must draw from the allegation in the replication that the defendants then resided and still reside out of the State, and from the fact that the suit was commenced by foreign attachment, that the defendants had been continuously out of the State from the accruing of the cause of action, until after the commencement of the suit, there is no ground, legal, or otherwise, for any such inference, deduction, or implication; for it does not even afford a legal, or legitimate ground for presuming that the defendants, who are non-residents, were not in the State and capable of being personally served, without the slightest inconvenience to the plaintiff, with other process, at the very time when this foreign attachment was sued out; because it has been decided in a recent case in the Superior Court for New Castle County, and is well settled by decisions in other States, that a writ of foreign attachment may issue against a non-resident, although he is in the State at the time when it is sued out; and this will serve to show how wide is the dif-

ference and distinction both in fact and in contemplation of law, between *being out* of the State and *residing* out of the State, as referred to in the statute,  But the necessity of such a replication as I have contended for does not depend on any primary or elementary principle of pleading of vague and doubtful import, such as the different degrees of certainty, first laid down by Lord Coke, and attempted to be defined by Mr. Chitty; but it is simply because the statute is so written, and the reason of the thing itself absolutely requires it. `For it is no less a principle of pleading than a dictate of sound judgment and correct reasoning, that whenever the action, or the defence is based on a statutory provision, the narr, the plea, the replication, or any other step in the pleading, must be so framed and drawn with sufficient accuracy and precision, as to bring it within the true meaning and intention of the provision on which it is founded; and the rule of interpretation is equally fixed and inflexible, that whenever there is any insufficiency, or uncertainty in a material point in any stage of the pleadings, it is to be construed most strongly against the party pleading it.

*Harrington, Chancellor :* This case depends on a question of pleading not involved in mere technicality, but presenting the question whether on the face of the record, the plaintiff below shows any cause of action upon which the court can give judgment.

Without now referring to the process by which the defendants below were brought into court, the case is simply an action of assumpsit founded on five promissory notes, to which the defendants have appeared and pleaded to issue.  These notes were drawn and matured more than six years before the action was brought, which is the period of limitation applying to them, and that plea is pleaded, and is a bar to the action, unless the plaintiff by his replication, brings himself within one of the exceptions to the statute.  The exception relied on, is the saving of the act which provides that, " If at the time when a cause

of action accrues against any person, he shall be out of the State, the action may be commenced within the time limited therefor, after such person shall come into the State in such manner, that by reasonable diligence he may be served with process."

The exception intended to be set up is, therefore, that the defendants were out of the State, so that they could not be served with process at the accruing of the cause of action, and had been ever since to a period of within six years of the commencement of the action; which again puts the plaintiff right in court and entitles him to recover.  By the plea, he stands barred, but by this exception the bar is removed; and the truth of it being admitted by the demurrer, he would be entitled to judgment.

The question then is, has the plaintiff replied this exception?  Does the replication in any frame of words, say that the defendants were out of the State when the cause of action accrued and continued to be out of it either hitherto, or up to any time within six years of commencing the suit?  That is what is denied by the demurrer, and that is the issue upon which the case turns. If the replication says this, the plaintiff avoids the bar of the statute and is entitled to judgment; if it does not allege such absence of the defendants from the State, or out of the jurisdiction of this court, the act bars his suit and he cannot recover.  And this question is not to be decided on the form of words merely.  It is not a special demurrer, and if the replication substantially states what the law requires to bring the case within the exception, it is sufficient.  I may even go further, as the plea of limitations is not favored, and say that neither strained construction, nor inference should be made against the replication.  But on the other hand, no inference can be had to make it say what it does not say.  It is the plaintiff's pleading, and the general rule is that the words used must be taken most strongly against the pleader, as he must be supposed to have stated his case as his proof

would warrant. This rule is equally applicable, whether the issue is upon a general, or special demurrer. But without resorting to any inference for, or against this replication, does it assert what the law requires to make an exception to the bar of the act? It says that " at the time when the said cause of action accrued, the defendants were, and each of them was, out of this State, and both of them at the accruing of the cause of action did reside out of this State, and from thence until the present time, have both resided and do reside out of this State and without the jurisdiction of this court." The point of doubt on this replication obviously is whether it alleges that the defendants continued to be out of the State from the accruing of the cause of action. When it was commenced the suit was barred ; and though the replication very fully alleges that the defendants were, and each of them wasout of the State at that time, it says of their continued absence from thence to the present time, that they have both resided and yet reside out of the State and out of the jurisdiction of the court.

If a traverse had been made to the only part of this replication that is material to the present inquiry, the issue would have been on the question whether the defendants *resided* out of the State and out of the jurisdiction of the court which is immaterial, when the point is, whether they *were in fact out of the* State so that by reasonable diligence they could not be served with process.

It was not denied, indeed, the replication admits, that an allegation of residence out of the State at the accruing of the cause of action, would not be sufficient to remove the bar of the statute; and no more ·can such allegation be sufficient as to the continuance of such residence ; and the change of terms from what is required by the law to others of a different signification, instead of affording an inference in support of the replication, suggests the contrary. Indeed, a continued residence out of the State, is entirely consistent with the frequent presence of the defendants in the State.

*Wooten, J.* : I regret that I have not been able to agree
with a majority of the court in the final decision of this
case, and especially as a difference of opinion in this, the
court of Errors and Appeals, presents the defective feature
of the court of the highest and last resort.   The case was
decided below in Sussex by the Superior Court, in which
three Judges sat, two at least of whom must have con-
curred in the decision ; it is now before this court to be
decided by one of those who sat below and two others,
and a difference of opinion in this court, results in the
establishment of the law of the State by the judgment
of two Judges against the opinion of three others.

The only question presented for the consideration of
the court is raised by the demurrer to the replication to
the defendant's plea of the statute of limitations.   It is a
novel question, now for the first time raised, and is not
one so much of construction of the statute perhaps, as of
pleading.

The statute of limitations never contemplated a case
of this sort.   It was evidently designed to provide for
two classes of cases, and to interpose a saving, whereby
the operation of the statute as a bar, would in such cases
be prevented.   First, the 14th section of the act, chapter
123 of the Revised Code, provides that, "If at the time
when a cause of action accrues against any person, he
shall be out of the State, the action may be commenced
within the time herein limited therefor, after such person
shall come into the State in such manner that by reason-
able diligence he may be served with process : And if,
after a cause of action shall have accrued against any
person, he shall depart from and reside out of the State,
the time of his absence shall not be taken as any part of
the time limited for the commencement of the action."

The first clause in my judgment, contemplates the case
of the defendant being out of the State at the time of the
accruing of the cause of action, and subsequently return-
ing or coming into the State.   In such cases the pleadings
would be plain and simple.   A replication to the plea of

the statute of limitations would be, that at the time of the accruing of the cause of action, the defendant was out of the State, and did not return or come into the State in such manner that by reasonable diligence he might have been served with process, until the        day of

and that the action was commenced within the limited time therefor, which in this case would be six years from that time, that is, from the time of the return into the State. .

Under the second clause of the saving section, it would be necessary to show when the cause of action accrued, because the act is running when the defendant departs from the State, and to ascertain whether the statute operates as a bar, the pleadings must show how long it run before the defendant's departure from the State, and also when he returned, so as to enable the court to determine the time of absence. Proof of the time of departure from the State would devolve upon the plaintiff, and that fact being shown, if the defendant relies upon that portion of the act which saves him, it is incumbent on him to plead and prove the fact of his return into the State in such manner that by reasonable diligence he might have been served with process, and that such return was in time to complete the operation of the statute as a bar after deducting the time of absence. Otherwise the plaintiff would be required to prove a negative. The replication would be that the cause of action accrued on the        day of        that afterwards, to wit, on the        day of        .        the defendant departed from and resided out of the State and did not return in such manner that by reasonable diligence he might have been served with process, until the        day of
and that the action was commenced within the time limited therefor, deducting the time of absence. In such a replication would it be sufficient for the defendant to take issue? If so, on whom would the *onus probandi* rest? Would it be required of the plaintiff to prove that the defendant departed from the State at the time alleged,

and that he did not return until the time mentioned. The first allegation is an affirmative one and the plaintiff would be bound to prove it; but the second is a negative one, and if the defendant attempts to controvert the fact, he can only do so by rejoining, that although it is true that he departed from and resided out of the State, he returned and came into the State at an earlier day than that named by the plaintiff, to wit, on the          day of          in such manner that by reasonable diligence he might have been served with process.  Upon this rejoinder, issue would be taken, and if the defendant makes it true, and the facts disclosed by it are sufficient to give effect to the statute so as to operate as a bar, the plaintiff will of course fail; and in my judgment it is essentially necessary that there should be an averment of such facts made and proved by the defendant.

The case now under consideration does not fall within either of these saving clauses, though the first may perhaps, be applied to it.   The defendants were non-residents at the time of the accruing of the cause of action, and continued to reside out of the State.   To such cases the statute of limitations was not intended to apply, for the plain reason, that a non-resident cannot be sued, not being within the jurisdiction of the court, and therefore the creditors of such persons are not deprived of their rights by any limitation : But another and ample remedy is provided in such cases, which is by foreign attachment, and which was resorted to by the plaintiff in this case. The defendants finding their property had been seized by attachment, were compelled to cause special bail to be entered, or suffer it to be sold for the benefit of their creditors.   Having given special bail, they pleaded to the action the statute of limitations, to which the plaintiffs replied, " That at the time when the said cause of action against said defendants in said declaration mentioned accrued, they, the said Edward L. Wells and Samuel Sappington, the said defendants, were and each of them was out of the State of Delaware, and that they, the said

defendants, did both of them at the accruing of the said cause of action, reside out of the said State of Delaware, and from thence until the present time have each resided and both of them do reside out of said State, and out of the jurisdiction of said court."

To this replication the defendants demurred generally. Upon the demurrer the question arises which is presented for the consideration of the court. The question presented by the pleadings is, whether the replication is sufficient in form and substance ? It is insisted that it is not, because it does not aver that the defendants were not only out of the State at the time of the accruing of the cause of action, but that they were out during the whole period of time from thence to the commencement of the suit, and did not come into the State in such manner that by reasonable diligence they could have been served with process.

The second clause of the saving section of the act declares that, " If after a cause of action shall have accrued against any person, he shall depart from and reside out of the State, the time of his absence until he shall have returned into the State in manner aforesaid, shall not be taken as any part of the time limited for the commencement of the action." I apprehend in a case falling within this clause of the act, it would only be necessary in replying to the plea of the statute of limitations, to aver that after the accruing of the cause of action, to wit, on the      day of           the defendant departed from and resided out of the State and did not return into the said State until the      day of           and that the action was commenced within the time limited therefor, deducting the time of absence. I think it will not be contended that in such a case, it is necessary to allege that the defendant was, during the period of time which he resided out of the State, actually *out* and that he was not during that time in the State, for the law evidently makes non-residence a saving from the operation of the statute, and if the averment of non-residence in the one

case is a sufficient compliance with the terms of the act, I can see no reason why it should not be so in the other. It is very evident that the legislature made no such distinction in the two clauses of the act.   The construction now given it, and the averments held necessary to bring a party within its saving clause in my judgment involves an inconsistency, which cannot be reconciled on any principles of reason or policy.   If in either case' it were necessary to aver that the defendant not only resided out of the State, but that he was all the time out, it would seem to be much more reasonable that it should be done in the case of a defendant who resided in the State, but who went out for a temporary purpose, than in the case of a non-resident defendant, for in the one it would be presumed that he returned, whereas in the other the presumption would be that he continued in the place of his residence.

The same strictness is not required in pleading facts, which rest exclusively in the knowledge of the opposite party, as where they are entirely in the knowledge of the party pleading : Therefore if in this case the replication alleges the fact to a common intent, that the defendants were out of the State, which is a fact within their own knowledge, the rules of pleading are substantially and sufficiently complied with, and if the allegation be untrue, it is for them to show that they were in the State, and at such time as would make the statute available to them.

The cases so much relied upon as applicable to this case, are by no means in point.   No one doubts for a moment, that where a plaintiff relies upon a disability, such as infancy or coverture to save him from the operation of the statute, he is bound to plead it with precision, and equally so to prove it, and for the very reasons I have stated, they are affirmative facts, resting exclusively in the knowledge of the party pleading them.

The statute of limitations is not a meritorious, though a legal, defence.   It is a mere presumption of payment arising from the lapse of time, often resorted to for the

purpose of avoiding the payment of a just and subsisting debt, and therefore it is not favored in law, and the same rigid rules of pleading which may properly govern other cases and which is made the hinge upon which this case turns, should not be applied in cases of this sort.

Much reliance seems to be placed upon the form of replication cited from Harris' Entries, which avers that the defendant was out of the State and resided out, and that he was at                and did not return until the        day of        &c. It has not been pretended in this case that it is at all necessary to aver, that the defendants were at a particular place, and I apprehend it will not be claimed by any lawyer as an essential allegation. Why both terms are used, that is, out and resided out, does not appear. The replication was probably framed to suit the statute of Maryland, which may differ materially from ours ; but if it contains one unnecessary averment it may be incumbered with others. However, it is not a legal decision and it has not been shown by any authority that it is entitled to the credit even of a good form. It may contain sufficient averment and probably does, for it uses the terms, all the time *out* and *resided* out and that they resided at a particular place. Will it be said that all these facts must be proved? If so, by whom must the place of residence out of the state be shown? It may be said that all that part of the replication is surplusage and need not be proved. So may some other fact averred be useless.

I do not doubt for a moment the general principle that when a party would avail himself of the saving clause of the statute to prevent its operation as a bar to his claim, he must show himself within the saving, and I maintain that in this case, the plaintiff has complied with this principle sufficiently to take his case out of the operation of the statute, until the defendants aver that though they were out of the State and resided out of it, they had been in the said State at such time and under such circumstances as would prevent the operation of the saving

clause. No distinction is recognized in the application of the statute in cases instituted by foreign attachment, capias or summons, and it is true that after special bail is entered, the proceedings are the same in the one case as in the others; but in the case of a non-resident who is not within the reach of the ordinary process of the court, the foreign attachment is the only remedy; by that, his property may be reached, though his person cannot, and this is my answer to some remarks in reference to the plaintiff's coming into this State to institute suit, being a non-resident himself. One who can only be found by thus seizing his property, is not among those for whose benefit the statute of limitations was enacted, though there are cases where they will be entitled to its benefits as much as citizens of the State, but a more stringent rule should be observed in applying it. The statute never runs against a non-resident so long as he remains out of the State, whilst it never ceases to run against a resident, unless he departs from and resides out of the State; therefore, unless a considerable degree of strictness is used in its application in the case of the non-resident, he may, by coming into the State for a very limited time, without the knowledge of his creditor, avail himself of the benefit of the statute, and thereby avoid the payment of a just debt; but the resident debtor has no such power, because the statute begins to run against his creditor from the accruing of the cause of action, and does not cease to run, unless he departs from and resides out of the State, which is a fact that would operate as a saving to the creditor and being an affirmative allegation, the burden of proof of such absence would rest on him, and he has in the case of absence from the State, ample remedy without being driven to the necessity of actual proof of such absence. He may proceed under the attachment law, as the plaintiff did in this case, and if he is not able to make an affidavit of his debtor's absence or non-residence, he may issue the ordinary process of the court and on the return of the sheriff, that the defendant is not

to be found, he will be entitled to the writ of foreign attachment.

If an action is commenced against a non-resident debtor, there is no statute of limitations to bar the plaintiff's claim, unless the defendant has been in the State within the limited time for the commencement of such action, and in such manner that by reasonable diligence he might have been served with process, and the presumption is that a non-resident is out of the State, and if he does come into it, in such manner as to entitle him to the benefit of the statute, it is a fact within his own knowledge, and an affirmative one, which he would be bound to allege and prove.

Under these views of the case I am of opinion that the judgment of the court below, is, in no wise erroneous, and therefore ought to be affirmed.

*Houston J.:* As the impression which I entertained when this question was argued in the court below, and which inclined me to dissent from the opinion of the majority of the members who decided it there, has only been strengthened and confirmed by subsequent reflection and the re-argument of it here, I shall be pardoned I trust, for the time I shall occupy in assigning my reasons for the more mature conclusion to which I have now arrived, but which I deem scarcely necessary after the clear and satisfactory opinion which has just been delivered by the Chancellor upon it.

Although the suit below was commenced by foreign attachment, yet as soon as the defendants appeared in that court, gave special bail and the attachment was dissolved, it became at once an action of assumpsit in the usual form between the parties on five several promissory notes united in as many counts in one declaration, made by the firm of E. L. Wells & Co. to the order of the firm of W. & J. Sooy, and by them endorsed to Shreve, who died pending the action in that court, and upon the suggestion of which, Jones, his administrator, was made party plaintiff in it.

When these notes were made and when they were endorsed and when they became payable, and which was more than six years before the suit was commenced upon them, all the parties to them, makers, payees and the endorsee, were out of the State and living in New Jersey. And as the date and tenor and time of the maturity or payment of the respective notes were material allegations and were set forth in the declaration, and the date of the writ of foreign attachment and the commencement of the suit, all appeared by the record of the action before the court, it was *prima facie* barred by the first and general limitation of the statute in such case made and provided, upon the general plea of the statute pleaded by the defendants, and which in brief was that the causes of action in the declaration mentioned had not accrued to the plaintiff at any time within six years before the action had been commenced upon them. And up to this stage of the pleading, and as the case thus stood upon the record, the plea was not only a good plea, but it was an absolute bar to the action. The plaintiff was therefore obliged, whilst admitting the fact alleged in it, to avoid the legal effect of it by replying some subsequent provision, or saving of the statute, of which there are several kinds specially provided in the thirteenth, fourteenth and fif. teenth sections of it, according as the one, or the other of them might be properly and legally applicable to the material facts and circumstances of his case, and which might consequently serve according to the true intent and meaning and construction of the act, to save and exempt it from the operation of the first and general limitation prescribed in the statute, and which would have the effect under the special circumstances of his case, to prolong the period first limited in the act and to afford additional time for the commencement of the suit. The special exceptions, savings, or exemptions from the operation of the general and principal limitation of the act to which I refer, are those which relate to what are usually termed the disabilities of infancy, coverture and

incompetency of mind embraced in the thirteenth section, and which provides that if a person entitled to any action comprehended within the foregoing provisions of the act, shall have been at the time of the accruing of the cause of such action, under either of these disabilities, none of the general limitations previously prescribed in the statute shall be a bar to such action during the continuance of such disability, nor until the expiration of three years from the removal thereof. The fourteenth section provides that " if at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced, within the time herein limited therefor, after such person shall come into the State in such manner, that, by reasonable diligence, he may be served with process; and if after a cause of action shall have accrued against any person, he shall depart from and reside out of the State, the time of his absence until he shall have returned into the State in manner aforesaid, shall not be taken as any part of the time limited for the commencement of the action." The fifteenth section also specially provides for several other classes of exceptional cases, which are likewise to be exempted from the operation of the general limitations primarily prescribed in the act, and on the occurrence of which, the periods first limited in the act in general, are to be extended for one year thereafter for the commencement of the suit. All these, however, constitute but special and exceptional cases to the principal and general limitations previously prescribed in the statute.

But the plaintiff, as I have before remarked, not being able to deny that his action was *prima facie* barred by the plea of the general limitation of the statute, as the case then stood upon the record, because it had not been commenced within six years after the accruing of his causes of action, sought by a special replication to that plea, to avoid the legal effect of it upon the record, to bring his case under the special facts and circumstances attending it, apparently within one, or the other, or both of the

special and secondary limitations contained in the four-
teenth section of the act. I say *apparently* he sought to
do this, because on a critical examination of the replica-
tion with reference to the provisions of that section, and
the two separate and distinct classes of cases which it
was designed to save and exempt for an additional period
of time, from the operation of the first and general lim-
itation provided for in the statute, it is not easy to de-
termine on which of those two provisions he intended in
particular to rely, nor is it entirely clear that he did not,
to some extent, misapprehend the true import and mean-
ing of them, and confounding the distinction between
them, endeavor by the peculiar terms in which it is ex-
pressed, to avail himself of both, or of either of them
indifferently, as might best suit his purpose, or his proof
at the trial of the case. The replication is as follows :
" That at the time when the said causes of action accrued
against the said defendants, they were out of the State
of Delaware and at the accruing of the said causes of
action, both of them resided out of the State of Delaware
and from thence until the present time have each resided
and both of them do reside out of said State and without
the jurisdiction of said court." Indeed, from the stress
which seems to be laid upon the alleged fact that the de-
fendants resided out of the State when the causes of action
accrued, and the variations and particularity with which
that allegation is repeated in the replication, one might
reasonably infer that the draftsman of it, attached more
importance to it, than to the fact simply, as stated in it,
that they were then out of the State, which he has been
content to allege in as few words as possible, apparently.
On recurring, however, to the two provisions of the four-
teenth section, we find that the first was evidently de-
signed to meet the case and save the action, when the de-
fendant is out of the State at the accruing of the causes
of it and merely continues out of it, until he shall have
come into it so as to be served with process ; and in such
case, according to the manifest intention of that provision,

it is immaterial where he then residing, or may afterward
have his residence, for if he is out of the State simply
when the cause of action accrues against him, the statute
does not begin to run against the action so long as he
continues out of it, nor until he has come into it in such
manner that with reasonable diligence he may be served
with process; the right of action in such case, is saved
to the plaintiff during the continuance of the defendant
out of it, and the action may be commenced at any time
after his first coming into it thereafter, in such manner
that by reasonable diligence he may be served with pro-
cess, within the period originally limited and first pro-
vided for that purpose in the statute, which in the case
of a promissory note is six years.   And such is the con-
struction and operation of the statute even when the note
is made out of the State and is payable out of it, and
notwithstanding both the plaintiff and the defendant then
resided, and still reside out of it.   There is no saving,
however, in the statute by reason of the plaintiff's being
out of the State when the cause of action accrues.   But
the second provision of the fourteenth section is very
different from the first, which contemplates a case and
provides a saving for it, of an entirely different nature ;
and it is not easy to perceive how any' one on carefully
perusing them, could misapprehend the distinction be-
tween them, or suppose that they could in any event be
applicable to one and the same case, or that they could
be properly blended and united in one and the same
special replication to a plea of the general limitation of
the statute.   By virtue of that provision of the fourteenth
section, if instead of being out of, the defendant is in,
the State when the cause of action accrues, but after that
departs from it and resides out of it, although the statute
in such case has commenced running against the action,
it is thereby arrested and suspended in its operation dur-
ing his absence from the State and residence out of it,
and until his first return thereafter into it, in such man-
ner that by reasonable diligence he may be served with

process; and in such case the time of such absence from the State and residence out of it, is only to be deducted from the period first limited and provided by the statute for the commencement of the action, to be computed from the date when the cause of action originally accrued against him. Yet, notwithstanding this broad and manifest distinction and the palpable contrast presented in the character of the two classes of cases provided for in the two paragraphs of that section, the plaintiff has strangely blended and confounded them together in the replication before us, by first alleging simply that the defendants were out of the State, when the causes of action accrued, and without adding anything more to that very important, and only material averment contained in it, if it was true, and then proceeding to reiterate with various repetitions in the replication, what was wholly immaterial, idle and irrelevant, if the first averment was true, the allegation that they then resided and had hitherto ever since resided and still reside out of the State and without the jurisdiction of the court. For it by no means follows that if they did reside during the whole of the time alleged out of the State and without the jurisdiction of the court, that they continued during the whole of that time out of the State, or that they never were within its limits in the meanwhile so as to be served with process. And yet, as immaterial and irrelevant as this allegation was, in all its variations, in such replication, I think it clearly indicates one thing, and that is, that the pleader who drafted it, was not satisfied that the simple averment that the defendants were out of the State when the cause of action accrued, would be sufficient without some further allegation which would serve to state and show that they also continued out of it, or out of the reach of the process of the court, until this action was commenced, to bring the plaintiff's case and his special replication to the general plea of the statute, within the special provision contained in the first paragraph of that section.

The position was distinctly assumed, in the argument, however, by one of the counsel for the defendant in error, that the mere averment that the defendants below were out of the State when the causes of action accrued, was of itself a good and sufficient answer to the plea, and that all the allegations which followed it in the replication in relation to their residence then and afterward out of the State, being wholly immaterial and irrelevant to the case, could and should be rejected as surplusage by the court.    But does the provision of the statute on which he relies to take the case out of the operation of the limitation contained in it, imply or contemplate nothing more than that ?    The language of it is, " if at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced, within the time herein limited therefor, after such person shall come into the State in such manner that by reasonable diligence, he may be served with process."    Had the defendants been in the State when the causes of action accrued and resided in it until six years thereafter, the action would have been barred by the general limitation of the statute, but as they were out of the State when the causes of action accrued, the sole purpose and object of this special provision in regard to their case was to suspend the operation of that limitation so long as they continued out of the State, or beyond the reach of legal process in it, and to extend the time for the commencement of the action against them just as many years more from the time they should afterward first come into it so that with proper diligence on the part of the plaintiff, they might be served with process in the action.    It especially contemplates and provides for two distinct things, the accruing of the cause of action and the action thereafter to be brought upon it, and to limit the period of time which shall be allowed by law to elapse between them in such a case, and like every other provision or limitation of the act, it necessarily implies and involves a lapse of time between the inception of the right to sue

and the continuation of the right to sue until a subsequent period; and as it proceeds in analogy to the similar exceptions, or savings in the statute in regard to infancy, coverture and incompetency of mind, upon the idea of the disability of the plaintiff to sue here when the defendant is out of the State, or the reasonable reach of the process of our courts, at the time of the accruing of the cause of action, it necessarily implies and requires a continuation of that inability to entitle the plaintiff to the benefit of the saving and exception which was designed for that reason to preserve and prolong his right to sue here as soon as such disability is removed, and for a certain specified period thereafter.   And such being the evident import and design of the provision in question, the fact that the defendants were out of the State when the causes of action accrued in this case, would neither import, nor imply that they continued out, even a day afterward, much less, that they continued out of it for more than six years afterward, or until about the time this action was commenced, or until after the writ of foreign attachment was sued out against them; and no court could from the record presume or infer any such fact, without some averment in the replication to that effect to warrant it.   Besides, a replication with the averment merely that the defendants were out of the State at the accruing of the causes of action in the case, would be substantially defective and insufficient, because it would not constitute a full and complete answer to the plea which it professed and proposed to answer and avoid. That plea in substance is that the plaintiff ought not to have and maintain his said action against the defendants, because they say that the said several supposed causes of action in the said declaration mentioned, did not, nor did any, or either of them accrue to the said plaintiff at any time within six years before the commencement of this suit &c.   It is not a plea that his action was not commenced more than six years ago, or when the causes of action actually accrued, for had it been such, the replica-

46

tion merely that the defendants were at that time out of the State, would have been a full and complete answer to it. But such a plea as that would have been an absolute nullity, and might have been treated as such by the opposite parties. It was no part of the plea, therefore, that the action was not commenced at the time of the accruing of the causes of it, which is the only time included in and covered by the allegation in question; on the contrary, the gist of the plea and sole matter of defence presented in it and to be replied to, was nothing less than the lapse of the six years which immediately succeeded it, that is to say, that it had not been commenced at any time within six years thereafter, and which entire period of more than six years which afterward elapsed before the suit was commenced, is consequently left wholly unnoticed and unanswered, unaccounted for, or undenied by the simple allegation contained in the replication, that the defendants were out of the State when the causes of action accrued; and which cannot possibly be aided by any intendment or construction of the court authorized by the rules of pleading, unless it can infer or intend from the often repeated allegation which follows it, that they then and afterward and up to the commencement of the action resided out of it, that they also continued out of it during the whole of that interval, or at least, that they remained so continuously out of the State during the whole of that period, that they could not with due and reasonable diligence at any time in the meanwhile be served with process; but which of course, would be a presumption of fact wholly unwarranted by either law or reason in any such case. On the contrary, there is a cardinal rule of pleading just the reverse of this, which requires that everything is to be considered and construed most strongly against the party pleading it, since it is to be presumed that every party presents and states his case as favorably for himself as possible. It is also a familiar and well settled principle of pleading that as all the limitations of the act are matters of extrinsic and subsequent

defence specially provided by law and arise after the making of the contract and the cause of action has accrued, although it is a public and general statute, the court cannot judicially take notice of it in any case, unless it is specially pleaded; and for quite as strong a reason when a general limitation of it, such as in this case, has been pleaded by the defendant, and the plaintiff relies on some subsequent saving or exception contained in it, to exempt his case for a further period of time from the operation of that limitation, he must specially reply it to the plea with all the certainty and completeness necessary to bring his case as stated in such replication, clearly within the meaning and intention of the saving or exception relied upon by him; for every plea must answer all it professes to answer, and every special replication, or replication of new matter to a plea, whilst it confesses the facts alleged in it, must necessarily avoid the legal effect of what it admits, and be a full and complete answer to it, sufficient in law upon its face to avoid the legal effect of the fact or facts alleged in it, and admitted and confessed by the replication to it; and every saving or exception contained in the statute of limitations, when relied on by a plaintiff to take his case out of the operation of the general limitation prescribed in it, must be specially replied to the plea of such general limitation by the defendant. 1 *Ch. Prec.* 345. And such a replication must appear upon its face, assuming the new matter of fact alleged in it to be true, to be sufficient in law to avoid the legal effect of the matter alleged in such plea and thus confessed by it, or it will be defective in substance and fatal on general demurrer; and if deficient in certainty and completeness in this respect, or involves any material misapprehension of the true meaning and purpose of the provision relied on, or the saving in question, it will be equally fatal on general demurrer.

In regard to replications of the kind we are now considering, Mr. Chitty states the rule under the statutes of England in a case like this to be, that the defendant was

abroad when the cause of action accrued and that the action was commenced within six years after his first return. 1 *Ch. Pl.* 554, whilst Mr. Angell states it with still greater precision and particularity, and in accordance with all the forms and precedents which we find in the books on the subject. *Ang. on Lim. chap.* 26, *sec.* 8. The words "first return" no where occur in the English statutes, but as their meaning is that the limitation in such a case commences from the time of such first return into the kingdom, the particularity and certainty required in such a special replication, renders it necessary to insert such an allegation in it with the usual averments of time and place, in order to show that the plaintiff has brought his case clearly within the meaning of the saving or exception referred to, and has commenced his action within the time therein limited for the commencement of it.

To sustain the view which I have taken as to the insufficiency of the replication in point of substance, without some additional averment or allegation that the defendants after the accruing of the said causes of action remained and continued out of the State from that time until this suit had been commenced, so that they could not in the meanwhile be personally served with judicial process in it, I shall now refer to a few cases which have been decided on the subject both in England and in this country, where they have long had a similar saving in their acts of limitation, although I believe this is the first case of the kind that has ever arisen under our own statute. I shall first refer, however, to the well accredited and established form of a special replication to a general plea of the act of limitation, under a similar saving provided in the English statute, when the defendant was beyond the four seas at the time of the accruing of the cause of action, but who had since come into the realm and been served with process, as the same is sanctioned and approved by Mr. Chitty, and which contains three distinct and specific allegations, each of which is material and essentially necessary to constitute a good and sufficient

replication of this discreption; first, that when the causes of action accrued the defendant was beyond the seas and that he afterward returned into the kingdom; secondly, that said return was his first return into the kingdom after the accruing of the causes of action; and thirdly, that the action was commenced within six years after his said first return into it. 2 *Ch. Pl.* 656. And the reason why each of these allegations is material and indispensable is because they are all necessary to rebut, evade and avoid the plea of the general limitation of the statute, by virtue of which on the declaration filed, the action was *prima facie* barred by the replication of new matter under the secondary provision and saving in question, and not only to show why the action was not commenced within the first six years after the accruing of the causes of it, but also to show that it was commenced as soon thereafter as was practicable under the circumstances, and within the additional time further limited and prescribed therefor under such special circumstances; and all of which the plaintiff was both bound to allege and prove, as a full and complete reply and answer to the general plea of the statute in order to entitle him to the benefit of such a saving.

From the cases cited in the argument for the defendant in error from the Massachusetts Reports, we find that the same form of replication in such a case substantially prevails in that State. In the first of them, the replication was that when the action accrued the defendant was out of the commonwealth, and so continued from that time to the purchase of the writ in the action, leaving no property therein which could be attached, to which the defendant specially rejoined that after the action accrued and more than six years before its commencement, he returned into the commonwealth, and upon this fact issue was joined. The saving in the statute of that State, contained no such qualification as accompanies the saving in ours in regard to a defendant in such case afterward coming into it in such manner that by reasonable diligence he may be served with process, and one of the questions

involved in it turned upon the fact whether the defendant's having been in the commonwealth in the meanwhile as much as eighteen days at one time, but during which he kept himself shut up except on Sundays, was such a return or coming into it, as would within the purview of the saving in question, defeat the plaintiff's action; but the court held that it contemplated such a return or coming into the commonwealth as would enable a creditor using due diligence to arrest the body of the defendant as security for the debt. *White's Admr. v. Bailey*, 3 *Mass.* 270. In the second case cited, the replication was substantially the same as in the first, that when the cause of action accrued the defendant was out of the commonwealth and did not return into it until within six years next before the commencement of the action &c. *Dwight's Admr. v. Clark*, 7 *Mass.* 514. In the next case the replication was that at the time of making the several promises in the declaration mentioned, the defendant was in foreign parts beyond the seas and without any of the United States, and had continued and remained beyond the seas without the United States from thence to the time of the purchase of the writ. To this replication the defendant demurred and assigned for cause that the plaintiff was a foreigner and never was an inhabitant of, or resident in, any one of the United States; and the replication was adjudged good. *Hall v. Little*, 14 *Mass.* 203. In the last case decided in that State to which I shall refer, (and where it is proper to remark they have a provision in their statute, as they also have in the English statute, not to be found in ours, which saves the action as well on account of the plaintiff's being out of the State as the defendant's being out of it, when the cause of it accrues) to the general plea of statute the plaintiff replied that when the cause of action accrued to him, he was beyond the sea, without any of the United States, to wit, at London &c. and had ever since so continued, and was still there. The defendant rejoined that within six years after the accruing

of the cause of action and ever since until the commencement of the suit, the plaintiff had an agent who in each year during that time, had been within the commonwealth and had been duly authorized to collect and receive his supposed debt from him.   To this rejoinder the plaintiff demurred, and the demurrer was sustained.   *Wilson v. Appleton*, 17 *Mass.* 179.   The decision cited from Wilson's Reports under the English statute, is to the same effect as the case last adverted to.   In that case the defendant pleaded *non assumpsit infra sex annos*.   The plaintiff replied that he was abroad at the time of the making of the several promises in the declaration mentioned, to wit, at A. in the kingdom of S. and that he had ever since been, and still was, out of the kingdom of Great Britain.   To this replication the defendant demurred and the plaintiff had judgment.   3 *Wils.* 145.   In concluding this review of the cases cited, it only remains for me to add that the inference clearly deducible from them in my opinion is irresistible that the only material allegation contained in the replication in the present case, that the defendants were out of the State at the time when the causes of action accrued, without any allegation whatever, that they so continued and remained out of it, or as to where they were in the meanwhile until the action was commenced, is not sufficient to sustain it, and that it must consequently be held to be deficient in substance and bad on general demurrer.

It seemed to be considered by the counsel for the defendant in error in the argument of the case, that there could be no appropriate terms or method in which any such additional fact could have been averred by them in the replication, without alleging as they contended, that the defendants did not afterward come into the State in such manner that by reasonable diligence they might have been served with process, which would have been a negative allegation purely, and which they further contended it would not be proper for them to make, because it would impose on the plaintiff the duty of proving such a neg-

ative allegation, and that the law never requires a party to prove a negative in any stage of pleading. The cases cited, however, abundantly show that there was no occasion or necessity for alleging such a fact in that particular form, for the statute does not pretend to prescribe any terms, much less the particular terms, in which the saving shall be replied. But even, if it were necessary to reply it in the express words of the statute, the objection taken to it, would still be more specious than sound, for the principle of law referred to in support of it, is not a rule of pleading, but a rule of evidence merely, and can have no application to any case, until it comes to the proof upon the actual trial of it on the issues joined; and as a matter of practice, the party who traverses and takes issue on a negative allegation material to any stage of the pleading, affirms the converse of it, and has the burden of proving the contrary of it on the trial. Take for instance and for the sake of illustration, the very plea in this case, the plea of the defendants to which this replication has been entered, and it will be found that almost every material allegation in it is a negative allegation purely, as that the plaintiff ought not to have and maintain his said action against them, because the said supposed causes of action in the said declaration mentioned, did not, nor did any or either of them, accrue to the said plaintiff within six years next before the commencement of this suit, &c. And yet, if the plaintiff, instead of specially replying to, had traversed and taken issue on this plea, upon him would have devolved the burden of proving on the trial that the action had been commenced within the required time, and not upon the defendant of proving the negative of the issue joined. And the same remark and distinction will also apply with equal force to the plea of the general issue in every civil action known to the common law, for they are all negative in their character purely and in the broadest sense conceivable, but when traversed impose upon the plaintiff the duty and the obligation of proving generally all the material and affirmative allegations contained in the declaration.

It only remains before concluding my opinion in this case to notice another point presented in the argument of the counsel for the defendant in error, which was, that inasmuch as it is a fact admitted on the record by the demurrer of the defendants below to the replication in question, that they were out of the State when the causes of action accrued, and there is no allegation in any of the pleadings, and it does not appear that either of them was ever in it between that time and the commencement of the suit, and were even still out of it when it was begun by the writ of foreign attachment, which, of course, imported that they were yet out of it when it was issued, neither of the savings provided for in the fourteenth section of the statute could have any proper application to the case, because when the remedy for the recovery of the debt is by process of foreign attachment, there can be no occasion to wait for the defendant to come into the State, and therefore the Legislature could not have contemplated that any such saving or exception could ever be required for, or applied to, a case commenced as this was, and whilst the defendants were yet actually out of the State, and for aught that appeared to the contrary, had never in the meanwhile been within its limits. If we were warranted in presuming that such was the intention of the Legislature, for the same reason the presumption perhaps, would be quite as warrantable that the intention was that in such a case the action should be barred by the general limitation of the statute, that is to say, in six years from the accruing of the causes of it, unless the process of foreign attachment for the recovery of the debt should be resorted to within that time. We are not permitted, however, to determine the question by any such presumption either way, but must take the statute as we find it and construe all its provisions together according to the plain and obvious import of the terms employed in them. And yet, all that was said by counsel on that point, was strictly correct, so long as the suit which is instituted in this method retains its original

character and nature of an *ex parte* proceeding *in rem* to a judgment of condemnation against the property bound by the foreign attachment; for whilst it continues such, there is no appearance of the defendant, no declaration filed, no defence whatever pleaded, no issue joined and no trial had, and, of course, in such a case, no question of limitation can arise, and the statute can have no application at all to it.   But when the defendant in such a writ voluntarily appears in court within the time prescribed by law and gives special bail in the action and the attachment is dissolved, it is *functus officio*, it has performed its office and is at an end for all the purposes of the case in which it was issued, for it then becomes an action *in personam* and assumes all the qualities and characteristics of such an action and is to be prosecuted and conducted in all respects the same as if the defendant had been served with original process in it.   There is therefore no good reason for holding that such a case as this, is not within the meaning and intention of the saving contained in the first paragraph of the fourteenth section of the statute.   Indeed, to hold otherwise, as has been contended for by the counsel for the defendant in error, that it does not apply in a case where the action is commenced by foreign attachment, would have the effect practically to abolish every limitation of the statute in such a case as this, even if the defendants below had been prepared to allege and to prove that they had been repeatedly in the State in the meantime since the causes of action had accrued, and the plaintiff could on any of those occasions with reasonable diligence have had process served upon them.

The judgment below was reversed.